UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLINTON D. COX,  :
          Petitioner  :
    :
    vs.  :  CIVIL NO. 1:CV-08-2268
    :
    :  (Judge Caldwell)
RONNIE R. HOLT,  :
    :
          Respondent.  :

*M E M O R A N D U M*

Clinton Cox, an inmate at USP-Canaan, Waymart, Pennsylvania, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. The respondent is Ronnie R. Holt, Canaan's warden. Cox is challenging three 2001 convictions he received in the United States District Court for the District of Connecticut under 18 U.S.C. § 924(c)(1)(A) for using and carrying a firearm in relation to a drug-trafficking crime. He presents one ground for relief, that his convictions are invalid because they are based on facts that do not constitute a crime in light of the Supreme Court's subsequent decision in *Watson v. United States*, 552 U.S. 74, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007).

In his initial answer (by way of the United States Attorney for the Middle District of Pennsylvania), Respondent argued we lacked jurisdiction to entertain the *Watson* claim by way of section 2241 and that, in any event, the claim had no merit. We disagreed as to our jurisdiction and also decided that the claim was meritorious, at least

as alleged.  We permitted a further response from the United States Attorney for the District of Connecticut, responsible for the prosecution of Petitioner.  2009 WL 2594203 (M.D. Pa. Aug. 20, 2009).  On October 20, 2009, by way of the federal prosecutor in Connecticut, Respondent conceded that under *Watson* there was no longer a factual basis for the convictions but requested that "the case . . . be returned to the District of Connecticut for re-sentencing." (Doc. 22, Rpt.'s Reply at p. 2).  We will grant Respondent's request for a transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Petitioner does not oppose transfer, and there are certainly sound reasons for transferring the 2241 petition to the district of conviction and sentencing.  The record is there, and most probably any necessary witnesses.  Additionally, that court may have greater flexibility in shaping any new sentence.  *In re Nwanze*, 242 F.3d 521, 527 (3d Cir. 2001); *see also United States v. Mata*, 133 F.3d 200, 201-02 (2d Cir. 1998).  And in most cases (at least when the sentencing judge has not retired), the sentencing court would also have "superior familiarity with the underlying conviction and sentence," *Short v. Schultz*, No. 08-186, 2008 WL 305594, at *3 (D.N.J. Jan. 28, 2008), and would "know what its intentions would have been if it had been sentencing on the remaining counts without imposing a sentence" on the vacated counts.  *In re Nwanze*, 242 F.3d at 527.

The only wrinkle is that section 1404(a) authorizes  transfer only to a district where the petition "might have been brought," and a section 2241 petitioner challenging

his present physical custody is limited to filing the petition "in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004). This is the territorial-jurisdiction rule. *Id.* at 452, 124 S.Ct. at 2727 (Kennedy, J. concurring).[1]

Before *Rumsfeld* was decided, the territorial-jurisdiction rule led the Third Circuit to seriously doubt that a section 2241 petition could be transferred to the district of sentencing since the petition could not "have been brought" in that district when it had to have been filed in the district of confinement. *In re Nwanze*, 242 F.3d at 525-26. Consequently, in *In re Nwanze* the court allowed such a transfer only when it was plausible that the petitioner's claims could be entertained in the district of sentencing in some other way. *Id.* at 526. In that case, the Third Circuit was satisfied that the district of sentencing (located in the Fourth Circuit) would entertain the claims by way of a petition for a writ of error coram nobis. *Id.*[2]

However, in *Rumsfeld*, Justice Kennedy filed a concurring opinion (joined by Justice O'Connor) in which he stated his view that "the proper location of a habeas petition [was] best understood as a question of personal jurisdiction or venue." 542 U.S.

---

[1] Under the immediate-custodian rule, the petitioner must also name his immediate custodian as the respondent, typically the warden of the prison where he is confined. *Rumsfeld*, 542 U.S. at 434-35, 124 S.Ct. at 2717-18.

[2] But in the event the sentencing court denied the petition on jurisdictional grounds, the court of appeals allowed the petitioner to again seek relief in the district of confinement. 242 F.3d at 527.

at 451, 124 S.Ct. at 2727.  As a venue rule, the territorial-jurisdiction rule could be waived by the government.  *Id.* at 452, 124 S.Ct. at 2728.[3]

Based on Justice Kennedy's concurring opinion, lower courts have ruled that the government can waive the immediate-custodian and territorial-jurisdiction rules. Significantly, this includes the Second Circuit, albeit in a nonprecedential opinion.  *See Gooden v. Gonzales*, 162 Fed. Appx. 28, 29 (2d Cir. 2005)("the government does not contend in this appeal that the Attorney General is an improper respondent, or that the Eastern District of New York is an improper venue for this suit, and as such, those arguments have been waived," citing Justice Kennedy's concurrence).[4]  *See also McKenzie v. INS*, No. 04-1001, 2005 WL 452371, at *3 (E.D. Pa. Feb. 23, 2005) (observing that an immigrant's habeas petition should have been filed against his immediate custodian, the warden of the York County Prison, and in the Middle District of Pennsylvania, which had territorial jurisdiction, but considering the merits of the petition because under Justice Kennedy's *Rumsfeld* concurrence, the government did not raise those issues and thus waived them).

Closer to the facts of this case, it has been recognized that the district of sentencing can adjudicate a section 2241 petition presenting a *Watson* claim when the

---

[3]  Justice Kennedy cited *Moore v. Olson*, 368 F.3d 757, 759-60 (7th Cir. 2004), where the Seventh Circuit likened the immediate-custodian rule to a personal-jurisdiction rule and the territorial jurisdiction rule to a venue rule.  Petitioner has named his immediate custodian as the respondent, but having to do so raises issues of personal jurisdiction over the custodian when considering a transfer of the petition from the district of confinement to the district of sentencing.

[4]  Indeed, even before *Rumsfeld* was decided, the Second Circuit ruled that the government could waive personal jurisdiction on a section 2241 petition.  *Simon v. United States*, 359 F.3d 139, 143 n.9 (2d Cir. 2004).

government does not object either on personal-jurisdiction or venue grounds. *See Short v. Shultz*, No. 08-57, 2008 WL 1984262, at *3 (W.D. Va. May 6, 2008), *aff'd on other grounds*, 298 Fed. Appx. 246 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 1376, 173 L.Ed.2d 631 (2009).[5]  In these circumstances, courts have also considered a government motion to transfer to the district of sentencing as a waiver of personal-jurisdiction or territorial-jurisdiction objections.  *Ulloa v. Ledezma*, No. 08-864, 2009 WL 2351710, at *4 n.3 (W.D. Okla. July 28, 2009).  Additionally, the district of confinement has transferred a section 2241 petition to the district of sentencing sua sponte.  See *Lowe v. Cauley*, No. 09-45, 2009 WL 3055346, at *7 (E.D. Ky. Sept. 21, 2009)(sua sponte transfer relying on the district courts' opinions in the *Short* case, *supra*).[6]

      We treat Respondent's request to transfer this petition to the sentencing court as a waiver of the territorial-jurisdiction rule and any objections he might have to personal jurisdiction in the sentencing court.  With this understanding, we grant the request as the convenience of the parties and the other factors mentioned above favor a transfer to the sentencing court.  However, in line with *In re Nwanze*, *supra*, 242 F.3d at 527, transfer will be without prejudice to Petitioner's reinstating the action in this court, or

---

[5] *Short* had been transferred to the District of West Virginia, the district of sentencing, by the District of New Jersey, the district of confinement, after the latter court concluded in line with *In re Nwanze*, *supra*, 242 F.3d 521, that Fourth Circuit law authorized the District of West Virginia to entertain the petition as one for coram nobis relief. *Short v. Shultz*, No. 08-186, 2008 WL 305594, at * 2-3 (D.N.J. Jan. 28, 2008).

[6] *Short* was also a sua sponte transfer from New Jersey to West Virginia.

filing a new petition in any new district of confinement, if the sentencing court denies or dismisses the petition for lack of jurisdiction.

        We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: November 19, 2009

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CLINTON D. COX,          :
    Petitioner     :
  vs.                    :
RONNIE R. HOLT,          :   CIVIL NO. 1:CV-08-2268
    Respondent     :
                   :   (Judge Caldwell)
                   :
                   :
                   :

*O R D E R*

AND NOW, this 19th day of November, 2009, it is ordered that:

    1. Pursuant to 28 U.S.C. § 1404(a), the Clerk of Court shall transfer this 28 U.S.C. § 2241 petition to the United States District Court for the District of Connecticut.

    2. Transfer is without prejudice to Petitioner's reinstating the action in this court, or filing a new petition in any new district of confinement, if the sentencing court denies or dismisses the petition for lack of jurisdiction.

    3. The Clerk of Court shall also close this file.

                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge